# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES PENNY
ADC #106289                                                                                      PLAINTIFF

V.                                       5:08CV00087 JLH/JTR

CARRIE M. SWAYZE, CO-I, Cummins Unit,
Arkansas Department of Correction, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff James Penny, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action against Defendants. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the

**II. Discussion**

In his Complaint, Plaintiff alleges that Defendants violated his due process rights when they convicted him of a false disciplinary infraction in May of 2007. *See* docket entry #2. As a result of that disciplinary conviction, Plaintiff was reduced in class, placed in punitive isolation for thirty days, and lost sixty days of good time credits. *Id.* As relief, Plaintiff requests monetary damages and the restoration of his good time credits. *Id.*

The Due Process Clause of the Fourteenth Amendment prohibits the State from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amd. XIV. Because Plaintiff does not contend that Defendants deprived him of life or property, the Court must determine whether he has a liberty interest at stake. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).

It is well settled that an inmate does <u>not</u> have a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Hartsfield v. Dep't of Corr.*, Case No. 04-1311, 2004 WL 1759144 (8th Cir. Aug. 5, 2004) (unpublished opinion).

Similarly, the Eighth Circuit has consistently held that administrative and disciplinary segregation – and the temporary loss of certain privileges while in segregation – are <u>not</u> the kind of "atypical and significant" deprivations that create a liberty interest under *Sandin*.[2] *See, e.g., Phillips v. Norris,* 320 F.3d 844, 847-48 (8th Cir. 2003) (holding that <u>thirty-seven days</u> in isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under

---

Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court held that a prisoner has a due process liberty interest at stake only if the punishment results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Sandin*); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*).

In contrast, a prisoner does have a liberty interest in good time credits. *Preiser v. Rodriguez,* 411 U.S. 475 (1973). However, because good time credits affect the length of a prisoner's sentence, a prisoner must pursue the return of his good time credits in a federal habeas action (which requires the exhaustion of state court remedies prior to bringing suit in federal court) and not a § 1983 action. *Id.; see also* 28 U.S.C. § 2254(b). Additionally, a prisoner cannot seek damages, in lieu of or in addition to the restoration of good time credits, until his disciplinary conviction is expunged, reversed, or called into question by a state court or federal habeas court. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Portely-El v. Brill,* 288 F.3d 1063, 1066 (8th Cir. 2002).

Accordingly, this case should be dismissed, without prejudice, so that Plaintiff can have his disciplinary conviction reversed, expunged, or called into question by a state court or federal habeas court. If he is successful in doing so, then he may refile this § 1983 action for damages.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's Complaint (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 7th day of April, 2008.

                                                      _____
                                                     UNITED STATES MAGISTRATE JUDGE